CASTRO ET AL., PLAINTIFFS AND APPELLANTS, *v.* SOLÍS ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan, Section 1, in an Action of Filiation.

No. 1320.—Decided February 15, 1916.

NATURAL CHILDREN—DESIGNATION OF HEIRSHIP—ACKNOWLEDGMENT—FILIATION— PRESCRIPTION—RES JUDICATA.—When a plaintiff brings an action for designation of heirship on the supposed ground of acknowledgment as natural child and it is held that he is not entitled to share in the estate of the decedent because his action for acknowledgment had prescribed, such judgment may be pleaded as *res judicata* to an action for acknowledgment subsequently brought.

ID.—ID.—FILIATION—RES JUDICATA—PARTIES.—The fact that the husband was not made a party to the wife's action for designation of heirship although she was married, and is joined with her as plaintiff in the action for acknowledgment of natural filiation, does not affect the plea of *res judicata.*

ID.—PRESCRIPTION—OBITER DICTUM.—The decision of this court in the case of *Castro* v. *Solis et al.,* 19 P. R. R. 645, for designation of heirship, holding that the action had prescribed, was not *obiter dictum* in this case, but *dato et non concesso* that it were and disregarding the plea of *res judicata* in the action for acknowledgment of natural filiation, the plea of prescription in the later action is sustained by other reasons adduced in the action for designation of heirship.

The facts are stated in the opinion.

Messrs. *Llorens* and *González* for the appellants.

Messrs. *Martínez* and *Iriarte* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal by the plaintiffs from a judgment of the District Court of San Juan, Section 1, of March 11, 1915, sustaining the defendants' demurrer on the ground of *res judicata* and dismissing the complaint with costs.

The action was brought by Julia Domitila Castro joined by her husband, C. H. Kercadó, and among other allegations concerning the capacity of the defendants as successors and heirs of Joaquín Leandro Solís Kercadó, who died intestate on April 27, 1897, the complaint sets up facts bearing directly upon the acknowledgment of the filiation of Julia Domitila Castro by Joaquín Leandro Solís Kercadó, which may be summarized as follows:

That Joaquín Leandro Solís Kercadó began amorous relations with Lorenza Castro y Cruz in the year 1884, they living together openly in concubinage, and there was no legal impediment to their marriage nor did Lorenza at that time have any intercourse or relations of any kind with any other man.

That on May 7, 1886, while Lorenza Castro Cruz and Joaquín Leandro Solís Kercadó still lived openly in concubinage, plaintiff Julia Domitila Castro was born.

That the defendants are estopped from denying the status of the plaintiff as the natural daughter of Joaquín Leandro Solís Kercadó because he always considered and treated her as his daughter, referring to her publicly as such, furnishing means for her support and education and taking final leave of her as his daughter in the presence of his other children at the time of his death, and that, moreover, the defendants, both publicly and privately, orally and in writing, have acknowledged the plaintiff to be the natural child of Joaquín Leandro Solís Kercadó.

It is further alleged in the complaint that prior to May 7, 1907, Julia Domitila Castro contracted marriage with C. H.

Kercadó, with whom she had lived since that time and is living at present, and he is joined as plaintiff in the action.

The complaint concludes with a prayer that the court render judgment declaring the plaintiff to be the acknowledged daughter of Joaquín Leandro Solís Kercadó, with the costs, expenses, and attorney fees against the defendants.

The answer to the complaint was a general denial of each and all of the material facts alleged therein, and as matter of special defense the defendants demurred on the grounds of *res judicata* and prescription under sections 199 and 1840 of the Civil Code.

With the approval of the court the parties agreed at the trial that the evidence relating to the demurrer should be considered first so that the court might rule thereon and that the evidence of the plaintiffs should be introduced only in case the demurrer should be overruled. As regards the plea of prescription, no evidence was introduced by either of the parties and it was submitted to the court on argument only. As to the plea of *res judicata,* the defendants introduced documentary evidence of the following facts:

1. In another civil case, No. 4570 of the District Court of San Juan, brought prior to the present case, No. 6382 of the same court, Domitila Castro filed a complaint against these same defendants for designation of heirship, for recovery of inheritance and for damages, without mentioning her status. In that complaint she prayed that she be adjudged a joint heir with the legitimate children of the deceased Joaquín Leandro Solís Kercadó and as such entitled to $11,500, or one-half of the hereditary portion of each of said heirs, and that the defendants be required, jointly and severally, to make restitution to the plaintiff of the said sum, and also to pay her in like manner the sum of $16,800 as indemnity for the rents and profits of her hereditary interest, and the costs of the action. In support of the first cause of action for designation of heirship, to which the other two are subordinate, Julia Domitila Castro set up the same facts

in case No. 4570 that she now, jointly with her husband, sets up in support of her action for a judgment declaring her to be the acknowledged daughter of Joaquín Leandro Solís Kercadó. The second cause of action was based on the same facts alleged in support of the first and on the further fact that upon the death of Joaquín Leandro Solís Kercadó the defendants took possession of his estate and, ignoring the plaintiff, partitioned and liquidated the same among themselves, making it appear that the value thereof was $63,816.08, when, as a matter of fact, it amounted to $150,000, they having disposed of the greater part of the estate and refused to deliver to her the $12,500, which is the legal portion to which she was entitled as natural child. The third cause of action was based on the fact that the rents and profits accruing from her hereditary interest since the year 1897, when her father died, amounted to $16,800, which the defendants refused to deliver to her.

2. The defendants demurred to the first cause of action on the ground that the facts alleged were not sufficient to constitute a cause of action and that the right of action had prescribed in accordance with sections 199 and 1840 of the Civil Code. The other two causes of action were demurred to on the ground that they did not state facts sufficient to constitute causes of action.

3. The district court sustained the demurrer on the ground of prescription and entered judgment in case No. 4570 against the plaintiff on that ground, with costs. An appeal was taken from the said judgment to this court, which, by its decision of June 6, 1913, dismissed the appeal and affirmed the judgment. *Castro* v. *Solís et al.,* 19 P. R. R. 645.

In view of the said facts, which resulted from the evidence introduced, the District Court of San Juan rendered the judgment in the present case from which, as we stated at the beginning, the present appeal was taken.

The appellants contend that the court erred in sustaining the demurrer on the ground of *res judicata,* on which the

judgment appealed from is based, because it lacked the essential elements required by section 1219 of the Civil Code, which reads as follows:

"In order that the presumption of *res judicata* may be valid in another suit, it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes and persons of the litigants, and their capacity as such."

We are of the opinion that the said section was properly applied by the lower court.

It is true that in suit No. 4570 formerly brought by Julia Domitila Castro against the heirs of Joaquín Leandro Solís Kercadó she sought to establish her right to share in the estate of Solís Kercadó on the ground that she was his acknowledged natural daughter, while in the present action she prays for judgment declaring her to be the acknowledged natural daughter of Solís Kercadó, the facts alleged in the first complaint in support of her hereditary right being identical with those set up in the second complaint in support of her claim for acknowledgment as natural child.

Her acknowledgment as the natural daughter of Solís Kercadó, which was not prayed for in the first complaint but was taken as an implied basis for her designation as heir, is expressly involved in the second action, and if judgment should be rendered sustaining such acknowledgment it would destroy the foundation of the judgment rendered in case No. 4570 denying the hereditary right prayed for and be in direct opposition to the issue settled by that judgment.

It was finally decided by judgment of June 6, 1913, that Julia Domitila Castro was not entitled to share in the estate of Solís Kercadó, because her action for acknowledgment as his natural daughter had prescribed and therefore the question of law regarding prescription is settled and cannot be raised again in an action like the present in which the plaintiff brings the same action for acknowledgment.

"Although," says the distinguished commentator Manresa, referring to article 1252 of the Spanish Civil Code, which is similar to section 1219 of our Revised Code, "different actions may generally be brought successively, the action first decided may be *res judicata* as to the second when the new action is virtually absorbed in the first or is an inseparable consequence thereof."

The action for acknowledgment as natural child was included in the action for the designation of Julia Domitila Castro as heir, for she could not be declared an heir of Joaquín Leandro Solís Kercadó without being his natural child acknowledged by a judgment or by an authentic act.

We so understood in deciding case No. 4570, *Castro* v. *Solís et al.*, 19 P. R. R. 645. In that case we said:

"Hence the mere fact that the plaintiff was born in the house of Joaquín Leandro Solís Kercadó while the latter had the mother of the appellant in his house as a concubine is not in itself sufficient to give the child the status of natural child, but even under the law prior to the Law of Toro this circumstance merely established a pre-presumption subject to proof that the facts whence such presumption originated were true; therefore, even then it was necessary to establish the facts before the courts in order that by virtue thereof the child be adjudged the natural child of the paramour, which is equivalent to bringing an action of filiation. Under the Law of Toro cited such facts would imply a tacit acknowledgment by the father, but subject to an action of filiation. In any event, whether such facts be considered as a presumption of the status of natural child, as is understood by appellant, or whether they serve to prove the tacit acknowledgment, as we think, they have no further weight than to serve as proofs in an action of filiation, for which reason we should conclude that the scope of the first cause of action is only that of an action of filiation, and this is further demonstrated by the fact that the complaint sets forth facts tending to show the acknowledgment by acts and words of the alleged father. If it is held that the complaint only sets up an action to recover a hereditary interest, not having alleged that she had been acknowledged in a solemn and authentic manner, the plaintiff has no cause of action. *Malienzo* v. *Morales et al.*, 16 P. R. R. 553; *Calaf et al.* v. *Calaf*, 17 P. R. R. 185."

Therefore, we find that the acknowledgment of her filiation alleged by Julia Domitila Castro was considered in the first case, No. 4570, as a necessary means, subject to proof, for her designation as heir and that inasmuch as such acknowledgment is sought in the present case, there exists in this aspect of the case an identity of things in the two actions.

As to identity of causes, it is evident that the principal ground, the origin of the causes of action in both cases, is the same, as a mere reading of the complaints in both suits will show.

As regards the parties to suit No. 4570 and those to the present action, they are the same with the exception of the husband of the plaintiff who was not a party to the former action although they were married and who is now joined with his wife as plaintiff.

That fact does not affect the presumption of *res judicata,* for section 1219 of the Civil Code relied on by the appellant, in the part following the second paragraph, transcribed above, reads as follows:

"In questions relating to the civil status of persons, and in those regarding the validity or nullity of testamentary provisions, the presumption of the *res adjudicata* shall be valid against third persons, even if they should not have litigated."

Conceding that C. H. Kercadó can be considered a third person with regard to the action for designation of heirship to which his wife was a party, which is a debatable point, the judgment rendered in that action is effective against him because it decided a question relating to the civil status of his wife—that is, her status as natural child.

Although in case No. 4570, which did not involve the action of acknowledgment of Julia Domitila Castro as natural child, it was held that that right of action was extinguished by prescription, the appellants contend that this was *obiter dictum.* This is not so, and a perusal of that part of the opinion which served as a basis for our decision in case No.

4570 and which we have transcribed herein, is sufficient to show it; but *dato et non concesso* that it were so, if we examine the complaint which originated the present action, disregarding the plea of *res judicata* entered by the defendants, we will reach the conclusion that the other plea of prescription is sustained by the reasons which we adduced in favor of the plea of prescription in deciding case No. 4570. We reproduce them below:

"When Joaquín Leandro Solís died in 1897 the plaintiff was under age and retained her right of action in accordance with section 137 of the Spanish Civil Code, but under section 199 of the Revised Civil Code the action to claim filiation must be brought within two years after the child shall become of age, and as the plaintiff reached her majority in 1907, which according to section 317 is fixed at 21 years, said two years had expired when she brought her action in 1911 and therefore her right of action had prescribed. For this reason the trial court did not err in so deciding.

"That actions of filiation are subject to prescription and that children born under the rule of the Laws of Toro are subject to the provisions of subsequent codes relating to prescription are matters which have been discussed so fully and decided in the various judgments of this court that it is sufficient merely to refer thereto, especially when this is not the point raised by the appellant. See the cases of *Gual v. Bonafoux*, 15 P. R. R. 545; *Amsterdam v. Puente*, 16 P. R. R. 527; *Escobar v. Escobar*, 16 P. R. R. 555; *Rijos v. Folgueras*, 16 P. R. R. 593, the last having been affirmed by the Supreme Court of the United States on February 24, 1913; *Calaf et al. v. Calaf*, 17 P. R. R. 185."

The complaint which originated this action was filed after 1911.

The judgment appealed from should be

*Affirmed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice del Toro took no part in the decision of this case.